IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PHL VARIABLE INSURANCE COMPANY,<br><br>Plaintiff,<br>v.<br><br>THE SHELDON HATHAWAY FAMILY INSURANCE TRUST, by and through its trustee, DAVID HATHAWAY,<br><br>Defendant,<br><br>WINDSOR SECURITIES, LLC, a Nevada Limited Liability Company,<br><br>Intervenor Defendant. | MEMORANDUM DECISION and ORDER GRANTING MOTION TO QUASH SUBPOENAS DUCES TECUM and ORDER GRANTING MOTION FOR PROTECTIVE ORDER<br><br><br>Case No. 2:10-cv-67 DAK- DN<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge David Nuffer |

Plaintiff PHL Variable Insurance Company (Phoenix) moves this court to quash the subpoenas duces tecum issued by Intervenor Defendant Windsor Securities, LLC (Windsor) to non-parties in this case.[1] On May 31, 2011, Windsor served Phoenix with notice of its intent to issue subpoenas duces tecum to lawyers or law firms that have represented parties in past or present litigation against Phoenix. The court took the motion to quash under advisement and ordered Windsor to "notify those upon whom subpoenas were served that the subpoenas are subject to a pending motion and that no response is necessary until further order of the court."[2] Subsequently, Windsor served at least two of the subpoenas.[3]

---

[1] Plaintiff's Emergency Motion to Quash Subpoenas Duces Tecum and for Protective Order (Motion), docket no. 51, filed June 7, 2011.

[2] Docket Text Order, docket no. 53, filed June 7, 2011.

[3] *See* Returns of Service, docket nos. 60-63, filed July 7, 2011.

## Jurisdiction

Windsor raises the issue of this court's jurisdiction to quash the subpoenas now that they have been served.[4] Windsor served Phoenix with notice of its intent to issue the subpoenas and Phoenix communicated its objections to the subpoenas. In the course of the parties' discussions, Windsor agreed to withdraw its intent to serve one of the subpoenas, but Windsor refused to stay service of two other subpoenas. Phoenix then filed the current motion to quash before Windsor served the subpoenas. The same day the motion was filed, court took the motion under advisement and ordered Windsor to notify the subpoena recipients that no response was necessary until the court ruled on the motion.[5] Instead of waiting for the court to rule on the motion, Windsor chose to serve the subpoenas after the court took the motion under advisement.

Windsor argues that "only the court issuing the subpoena has jurisdiction to quash or modify the subpoena."[6] While Rule 45(c)(3) gives the issuing court power to quash or modify a subpoena,[7] there is nothing in the rules giving that issuing court exclusive power or specifically prohibiting the court in the district where the litigation is pending from acting on a motion to quash a subpoena.[8] The Tenth Circuit has specifically held "that the issuing court is not the only court with authority to rule on a motion to quash,"[9] and that the court in the district where the underlying case is pending has authority to rule on the motion to quash, as that court has a better

---

[4] Memorandum in Opposition to Plaintiff's Emergency Motion to Quash Subpoena Duces Tecum and for Protective Order (Opposition) at 7-8, docket no. 56, filed June 13, 2011.

[5] Docket Text Order, docket no. 53, filed June 7, 2011.

[6] Opposition at 7 (citing Fed. R. Civ. P. 45(c)(3)).

[7] *See* Fed. R. Civ. P. 45(c)(3)(A).

[8] *See Petersen v. Douglas Cnty. Bank & Trust Co.,* 940 F.2d 1389, 1390-91 (10th Cir. 1991); *see also Yanaki v. Daniel,* No. 2:07-CV-648 DAK, 2009 WL 2030287, at *2 (D. Utah July 9, 2009).

[9] *Yanaki*, 2009 WL 2030287, at *2 (relying on *Petersen,* 940 F.2d at 1391).

understanding of the case.[10] Because the Utah court acted on the motion to quash *before service* of the subpoenas, no deference to the issuing district is appropriate.

**Subpoenas**

Phoenix claims that "the documents sought by the subpoenas are Phoenix's own "documents from litigation in other jurisdictions, having nothing to do with the Policy, Hathaway, the Trust and/or Windsor."[11] Phoenix argues that the subpoenas are very broad and seek documents produced in other cases that are policy specific. Phoenix asserts that Windsor can request the documents that are not policy specific "directly from Phoenix without trying to end-run the rules applicable to discovery from a party."[12]

Windsor counters that "[t]he subpoenaed documents have everything to do with the Trust, the Policy, Hathaway, and likewise have everything to do with the Defendants' defenses to Phoenix's allegations of fraud and material misrepresentation which serve as the predicate to its rescission claims."[13] Yet Windsor fails describe how any of the documents requested from the other cases relate to the Policy, Hathaway or the Trust at issue in this case. Instead, Windsor claims the documents are needed to "demonstrate that Phoenix has devised a company-wide scheme to trick individuals" into buying insurance policies that Phoenix intends to rescind.[14] If Windsor believes there are documents to support that defense theory in this case, Windsor should request the documents directly from Phoenix through the discovery process. Windsor has failed

---

[10] *See Petersen,* 940 F.2d at 1391; *see also Anastasion v. Credit Serv. of Logan*, No. 2:08-CV-180, 2010 WL 3081434, at *2 (D. Utah Aug. 6, 2010).

[11] Plaintiff's Memorandum of Law in Support of Its Emergency Motion to Quash Subpoenas Duces Tecum and for Protective Order (Memo) at 6, docket no. 52, filed June 7, 2011.

[12] *Id.*

[13] Memorandum in Opposition to Plaintiff's Emergency Motion to Quash Subpoena Duces Tecum and for Protective Order (Opposition) at 1-2, docket no. 56, filed June 13, 2011.

[14] Opposition at 2.

to show how the subpoenaed documents from other cases in other jurisdictions will relate to the specific policy and issues in this case.

## Order

IT IS HEREBY ORDERED that Emergency Motion to Quash Subpoenas Duces Tecum and for Protective Order[15] is GRANTED. The Notice and the Subpoenas are hereby QUASHED. Windsor shall advise the subpoenaed parties of this Order quashing the subpoenas and the court restrains Windsor from serving similar third-party subpoenas.

Dated July 15, 2011.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

---

[15] Docket no. 51.